IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNDI KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2922-K-BN |
| | § | |
| JUDGE SHANNON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action seeking preliminary injunctive relief and monetary damages has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The Court has granted Plaintiff Cyndi King leave to proceed *in forma pauperis*. And the undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should deny injunctive relief (including King's request for a temporary restraining order ("TRO") embedded in her complaint) and summarily dismiss this action.

**Applicable Background**

Through this action, related to a state court case pending in the 305th Juvenile District Court of Dallas County, before Judge Cheryl Lee Shannon, King "request[s] a TRO to block Judge Shannon from assigning Co-Counsel to [the state case]." Dkt. No. 3 (further stating that "Judge Shannon appointed Lanasha House Co-Counsel and

Attorney Ad Litem for April Smith, in violation of [King's] 6th Amendment rights. [King] immediately, filed notice with the court that [she] opposed this order by the Judge based on it's unconstitutionality. [King] also supplied evidence to the State Bar of Texas ... of April Elaine Smith not following the code of ethics. [She] also have documented facts that as Attorney April Elaine Smith would not call [King] back or set up a time to consult with [King] leaving [King] unprepared for my hearings."). In addition to injunctive relief, King seeks monetary damages. *See id.* at 76.

## Legal Standards and Analysis

*Rooker-Feldman* Doctrine and *Younger* Abstention

King's request for a TRO from this Court "to block" (or, more precisely, reverse or collaterally attack) a state judge's decision is barred by the *Rooker-Feldman* doctrine, under which a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923))); *see also Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017) (per curiam) (summarizing the

doctrine and its applicability to cases in which a plaintiff's claims "assert as a legal wrong" or "invite direct review and rejection of" a state court's decision); *id.* ("To determine if *Rooker-Feldman* applies, courts look to the source of the federal plaintiff's alleged injury and what the federal court is being asked to review and reject. Review is barred if a claim 'asserts as a legal wrong an allegedly erroneous decision by a state court' and requires the court to review and reject the state court's decision." (citing and quoting *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382-83 (5th Cir. 2013) (in turn quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)); internal quotation marks omitted)).

Multiple district courts in this circuit have applied *Rooker-Feldman* to similar factual situations. *See, e.g., Russell v. City of Dallas*, No. 3:12-cv-5176-P, 2013 WL 12099965, at *3 (N.D. Tex. Apr. 23, 2013) ("If entertained, an injunction or similar order would inappropriately set aside the state court judgment and sidestep the appellate process. In essence, the Court would be swooping in to save the day before the state appellate process has run its course. Such a request is beyond the authority of a federal district court. Consequently, the *Rooker-Feldman* doctrine applies and bars jurisdiction in this context." (citation omitted)); *Brinson v. Universal Am. Mortg. Co.*, Civ. A. No. G-13-463, 2014 WL 722398, at *3 (S.D. Tex. Feb. 24, 2014) ("The purpose of the TRO Brinson seeks is to prevent [Defendant] from evicting Garner and anyone occupying the home. The County Court at Law judgment authorizes such conduct. The TRO is a collateral attack on the underlying state-court judgment.... *Rooker-Feldman* precludes this court from exercising subject-matter jurisdiction over such a collateral

attack."); *Suver v. Pratt*, Civ. A. No. C-10-99, 2010 WL 1371552, at *1 (S.D. Tex. Apr. 6, 2010) ("[T]he request for a TRO appears to be an appeal of a state court decision to this Court in violation of the *Rooker-Feldman* doctrine.").

The request for a TRO also implicates *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention "is appropriate when federal court jurisdiction would interfere with pending criminal, civil, or administrative state proceedings." *Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, Civ. A. No. H-05-3167, 2007 WL 114497, at *32 (S.D. Tex. Jan. 10, 2007) (citations omitted).

TRO/Preliminary Injunction

King's request for a TRO for an "unspecified duration ... is properly viewed as seeking a preliminary injunction under Federal Rule of Civil Procedure 65(a) rather than a [TRO] under Federal Rule of Civil Procedure 65(b)." *Farris v. Frazier*, No. CIV-12-1099-W, 2014 WL 3749142, at *15 (W.D. Okla. July 29, 2014) ("Rule 65(b) generally contemplates that a TRO would be issued only for a short term and 'without written or oral notice to the adverse party or its attorney.'" (quoting FED. R. CIV. P. 65(b)(1))); *cf. Dixon v. Vanderbilt*, 122 F. App'x 694, 695 (5th Cir. 2004) (per curiam) (seeking "relief that if granted would exceed the [temporal] limit [applicable to] a TRO ... [is] in effect a motion for preliminary injunction").

A preliminary injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted).

"To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Or, as the Supreme Court of United States more recently put the standard, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Because it appears, under *Rooker-Feldman*, that this Court lacks jurisdiction, there has been no showing of a substantial likelihood of success on the merits. *See Anderson v. Oakley*, 77 F.3d 475, 1995 WL 798510, at *1 (5th Cir. Dec. 20, 1995) (per curiam) ("The district court did not abuse its discretion in denying Anderson's motion for a preliminary injunction. Anderson failed to demonstrate a substantial likelihood of success on the merits because the district court lacked federal jurisdiction." (citing *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 475)); *see also Obafunwa v. SCDF Loan & Technical Assistance Fund, Inc.*, No. 6:16-cv-1169, 2016 WL 4626599, at *2 (W.D. La.

Sept. 2, 2016) ("Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review state court decisions. Therefore, there is no likelihood of success on the merits of Plaintiff's request that this Court review the [state judgment].").

Relatedly, a federal action requesting an "injunction, whether preliminary or permanent, [that] falls squarely within the *Younger* abstention doctrine" has no "likelihood of success on the merits." *Chae Mun v. Spector*, No. C13-0486RSL, 2013 WL 1748444, at *1 (W.D. Wash. Apr. 23, 2013).

<u>Judicial Immunity</u>

Because King is seeking monetary damages based on actions taken by Judge Shannon, and to the extent that a claim for damages against a state judge falls outside the *Rooker-Feldman* doctrine and *Younger* abstention, the undersigned addresses Judge Shannon's right to immunity.

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not

overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of King's complaints against Judge Shannon show that she acted outside her judicial capacity. Therefore, to the extent that the Court has jurisdiction over this action, the claims against Judge Shannon should be "dismissed with prejudice as frivolous." *Boyd*, 31 F.3d at 285; *see also Jones v. Judge of 129th Harris Cty. Dist. Court*, 113 F. App'x 603, 604 (5th Cir. 2004) (per curiam) (affirming dismissal of claims barred by absolute judicial immunity "for failure to state a claim" under Section 1915(e)(2)(B)(ii)).

**Recommendation**

The Court should deny injunctive relief (including Plaintiff Cyndi King's request for a temporary restraining order embedded in her complaint) and summarily dismiss this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 25, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE