IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNDI KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2922-K-BN |
| | § | |
| JUDGE SHANNON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action seeking preliminary injunctive relief and monetary damages has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The Court has granted Plaintiff Cyndi King leave to proceed *in forma pauperis*. *See* Dkt. No. 6. And, on October 25, 2017, the undersigned issued findings of fact, conclusions of law, and recommendation that the Court should deny injunctive relief (including King's request for a temporary restraining order ("TRO") embedded in her complaint) and summarily dismiss this action (the "FCR"). *See* Dkt. No. 7. King now moves for leave to proceed *in forma pauperis* ("IFP") as to her interlocutory appeal of the FCR. *See* Dkt. Nos. 10 & 11.

**Applicable Background, Legal Standards, and Analysis**

<u>Magistrate Judge Referral</u>

The basis for King's appeal is her misunderstanding that the FCR is a final

-1-

order of the Court. *See* Dkt. No. 11 at 3 ("I never consented to a magistrate judge ruling on [this case]. I never [waived] my rights to be heard by a district judge."). But the FCR made clear to King that the undersigned was simply making a recommendation to Judge Kinkeade as to the disposition of King's case under his standing order referring cases like King's to United States magistrate judges for pretrial management. *See generally* Dkt. No. 7. It further made clear that King has the right to raise objections concerning the FCR to Judge Kinkeade. *See id.* at 7-8 ("Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy." (citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b))).

A party may freely withhold her consent to a magistrate judge's "conduct[ing] any or all proceedings in a jury or nonjury civil matter and order[ing] the entry of judgment in the case." 28 U.S.C. § 636(c)(1); *see id.* § 636(c)(2) (requiring that a magistrate judge "advise the parties that they are free to withhold consent without adverse substantive consequences"). But,

> under [28 U.S.C.] § 636(b)(1)(B), the court may authorize [a magistrate judge] "to conduct hearings and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of motions excepted under [28 U.S.C.] § 636(b)(1)(A). After such a recommendation, the parties may submit written objections within fourteen days after receiving a copy of the recommendation and may have their objections reviewed de novo by the district court.

*McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (citing 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); ellipses omitted).

And, as the United States Court of Appeals for the Fifth Circuit has held, when

this procedure is followed – as will be the case here – a magistrate judge "properly … enter[s] a recommendation on a [dispositive matter] despite a [party's] failure to consent to" the magistrate judge. *Id.*; *see, e.g., Bank of N.Y. Mellon v. Coleman*, No. 3:13-cv-1329-O, 2013 WL 4525746, at *1 (N.D. Tex. Aug. 27, 2013) ("Magistrate Judge Toliver did not enter judgment, but only made a recommendation on Plaintiffs' motion to remand, which does not require consent of the parties." (citing *Ybarra v. Meador*, 427 F. App'x 325, 327 (5th Cir. 2011) (per curiam); *Nixon v. GMAC Mortg. Corp.*, 408 F. App'x 833, 833 (5th Cir. 2011) (per curiam))); *accord Bailey v. Tex. Dep't of Health & Human Servs.*, No. 3:17-cv-1434-N-BN, 2017 WL 2838154, at *1-*2 (N.D. Tex. June 8, 2017), 2017 WL 2838177 (N.D. Tex. June 30, 2017); *cf. Flentroy v. Lamb*, 467 F. App'x 291, 292 (5th Cir. 2012) (per curiam) ("Flentroy argues that the district court's acceptance of a magistrate judge's recommendation was erroneous because he notified the court that he did not consent to proceed before the MJ. This contention is frivolous as the proceedings before the magistrate judge were conducted pursuant to 28 U.S.C. § 636(b), which does not require consent of the parties.").

Interlocutory Appeal

Instead of filing an objection to the FCR to Judge Kinkeade, King noticed an interlocutory appeal to the Fifth Circuit. *See* Dkt. No. 11. Findings, conclusions, and recommendations entered by United States magistrate judges are not even orders, much less is a magistrate judge's recommendation an order that "constitutes a final 'collateral order' conferring interlocutory jurisdiction on" the Fifth Circuit. *McKee v. Lang*, 393 F. App'x 235, 238 (5th Cir. 2010) (per curiam) (citing *Will v. Hallock*, 546

-3-

U.S. 345, 349 (2006) (defining an appealable "collateral order" as an order that conclusively determines an important issue that is separate from the merits in such a way as to render the district court's resolution of that issue unreviewable on appeal from a final judgment)); *see also In re Deepwater Horizon*, 793 F.3d 479, 484-85 (5th Cir. 2015) ("Immediately appealable orders include: those rejecting absolute immunity or qualified immunity; denying a state's claim to Eleventh Amendment immunity; and – in the criminal context – a defendant's adverse ruling on a double jeopardy defense. These types of orders, the Court explained, implicate weighty public interest concerns: in each one, 'some particular value of a high order' was at issue." (quoting *Will*, 546 U.S. at 352; citation omitted)).

"Notice of appeal from a non-appealable order ... does not render void for lack of jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal." *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989); *see also Nascimento v. Dummer*, 508 F.3d 905, 909–10 (9th Cir. 2007) ("[W]hen a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction.")).

Leave to Proceed IFP on Interlocutory Appeal

While "[t]here is no docketing fee for an application for an interlocutory appeal under 28 U.S.C. § 1292(b) or other petition for permission to appeal under [Federal Rule Appellate Procedure] 5, unless the appeal is allowed," 28 U.S.C. § 1913, King

noticed this interlocutory appeal without requesting certification under Section 1292(b), causing the interlocutory appeal to be docketed by the Fifth Circuit. *See, e.g., Brown v. Hackbarth*, No. 09-C-0519, 2010 WL 3810857, at *1 (E.D. Wis. Sept. 24, 2010) ("No docketing fees are charged for an application for the allowance of an interlocutory appeal under § 1292(b) unless the appeal is allowed. However, in this case plaintiff filed a notice of appeal prior to requesting certification under § 1292(b), thereby causing the Seventh Circuit to docket his appeal and incurring the [ ] filing fee.").

The Court should consider, then, whether proceeding IFP on interlocutory appeal is appropriate and, for the reasons set out above, conclude that here it is not and therefore certify under Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3) that King's interlocutory appeal is not taken in good faith.

## Recommendation

The Court should deny Plaintiff Cyndi King's motion for leave to proceed *in forma pauperis* as her interlocutory appeal [Dkt. No. 10] and, for the reasons stated above, should certify under Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3) that King's interlocutory appeal is not taken in good faith.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE